IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**ROBERT BRIAN PARKER,**

    Plaintiff,

v.

**DANIEL HINRICHS, et al.,**

    Defendants.

Civ. No. 6:24-cv-01510-AA

**OPINION AND ORDER**

_____

AIKEN, District Judge:

    Plaintiff is an heir to a decedent whose estate is subject to ongoing probate proceedings in state court. Plaintiff brings a purported lawsuit under 18 U.S.C. 1341—a criminal statute prohibiting mail fraud and other offenses. Before the Court is Defendant Daniel Hinrichs' Motion to Dismiss, ECF No. 31, and Motion for Entry of Judgment and Imposition of Sanctions. For the reasons explained, Defendant's Motions are GRANTED.

Page 1 – OPINION AND ORDER

## BACKGROUND

Plaintiff filed this lawsuit in the Eugene Division of the Oregon District Court on September 9, 2024. Since then, he has filed seven Motions to Appoint Pro Bono Counsel. *See* ECF Nos. 2, 7, 17, 22, 24, 33, and 34. Plaintiff has also moved the Court for various orders, including orders to appoint a private investigator for his case, stating that "the court needs to look into" various acts of the executor of the estate and other heirs. *See* ECF Nos. 27, 30, 36, 48, 53. Plaintiff also asks the Court to "change venues," requesting that his case be transferred to the Portland Division of the Oregon District Court. *See* ECF Nos. 39, 43.

Plaintiff sues Daniel Hinrichs, a Coos County probate attorney who was counsel for the personal representative of the estate to which Plaintiff has interest as an heir. Plaintiff also names as Defendants the "US Treasury;" Larry Reiber, an accountant; and Jared Barber, an Edward Jones employee. Compl. at 2, ECF No. 1. The crux of the lawsuit is that Defendants are involved in a scheme to hide savings bonds and securities from Plaintiff, which he alleges he was entitled to from the estate proceeding. *Id*. at 4.

Plaintiff has been active in the state court probate proceeding, apparently having filed numerous motions, petitions, and letters with the Coos County Court in case number 23PB02757, and in the Oregon Supreme Court, case number S070898, where his petitions were dismissed as deficient. *See* Mot. to Dimiss ("MTD") at 5, ECF No. 31. The Court takes judicial notice of the state court proceedings.

Plaintiff alleges that the Court has jurisdiction because the lawsuit involves a federal question, 28 U.S.C. § 1331. Plaintiff believes that "there are large amounts

of US savings bonds [and] securities which have been hidden from the plaintiff." Plaintiff asserts that his "mother requested [his] social security number for tax right [sic] off purposes[,]" and that he has "not seen any securities/bond monies." Compl. at 4. Plaintiff states that he wants "all bond [and] securities monies returned." *Id*.

Defendant Hinrichs' moves to dismiss under Rule 12(b) for lack of jurisdiction, standing, and for failure to state a claim.

## DISCUSSION

### I. Federal Question Jurisdiction

Plaintiff cites to a criminal statute to establish federal question jurisdiction. It is only under rare circumstances that courts will imply a private right of action to enforce criminal laws. *See Chrysler Corp. v. Brown*, 441 U.S. 281, 284 (1979). Here, the Court finds no basis to conclude from Plaintiff's complaint or his response to the MTD that Plaintiff's claims assert federal criminal violations that give rise to a private right of action against any Defendant for fraud. The Court has no federal question jurisdiction under 28 U.S.C. § 1331.

### II. Diversity Jurisdiction

Plaintiff also partially filled out the section of the complaint denoting a possible allegation of Diversity Jurisdiction. Federal courts have subject matter jurisdiction over cases only when there is complete diversity of the parties. 28 U.S.C. § 1332(a)). Complete diversity exists when all plaintiffs are of different citizenship than all defendants. 28 U.S.C. § 1332(a)(l).

Assuming without deciding that the amount in controversy is satisfied, the Court finds that not all parties are citizens of different states. Aside from the federal

defendant United States Treasury, all private individuals are alleged to be domiciled in Oregon. *See* Compl. at 2. Therefore, the Court does not have jurisdiction under 28 U.S.C. § 1332 to decide matters in this case.

### III. SOVEREIGN IMMUNITY

Plaintiff alleges that a federal government agency, the "US Treasury," violated criminal fraud statues and seeks to hold the agency accountable under those laws. Compl. at 2-4. When a party sues the federal government, the law on which such action is based must contain an explicit waiver of sovereign immunity for subject matter jurisdiction to exist, as "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). A waiver of sovereign immunity must be "'unequivocally expressed' in the text of a relevant statute[,]" and "'[a]ny ambiguities in the statutory language are to be construed in favor of immunity.'" *Daniel v. Nat'l Park Serv.*, 891 F.3d 762, 768–69 (9th Cir. 2018) (emphasis omitted) (first quoting *United States v. Bormes*, 568 U.S. 6, 9–10 (2012); then quoting *FAA v. Cooper*, 566 U.S. 284, 290 (2012)). Here, the Court cannot find authority demonstrating that the United States Treasury has waived immunity from suit under any theory Plaintiff presents.

### IV. MOTIONS TO APPOINT COUNSEL

The Court notes that Plaintiff has filed several motions to appoint counsel. Plaintiff's filings indicate that he has not been able to find a lawyer to take this case even though he has the ability to pay for a lawyer and for a private investigator.

When a person is able to pay for a lawyer, but can find no lawyer to take the case, it should give a would-be litigant pause to ponder the merits of the claims.

For Plaintiff's benefit, the Court will explain why it would not appoint counsel in such a case: The appointment of counsel for a *pro se* litigant in a civil case "is a privilege and not a right." *United States ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965). A court may appoint counsel for indigent civil litigants but should do so "only in exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Because there is no right to counsel in a civil case, the court does not have authority to compel counsel to provide representation. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). Instead, the court may only "request" that counsel serve as pro bono counsel. *U.S. v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986) (noting that in in forma pauperis cases, the law only permits a court to "request" counsel, not to compel representation). The decision to request pro bono counsel rests within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

When determining whether exceptional circumstances justify the appointment of pro bono counsel, the court considers "the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

The Court could not appoint counsel in this case, because there are no exceptional circumstances justifying it, nor is there a likelihood of success on the

merits, where jurisdictional issues bar the Court's consideration. The Court notes that it has never appointed a private investigator.

## CONCLUSION

The Court dismisses Plaintiff's Complaint without leave to amend. *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) ("[A] district court need not grant leave to amend where the amendment ... is futile."). Here, the Court finds amendment to be futile where: the basis for the lawsuit concerns a criminal statute unenforceable by Plaintiff and where the Court lacks jurisdiction. Therefore:

Defendant's Motion to Dismiss, ECF No. 31, is GRANTED. Plaintiff's Complaint, ECF No. 1, is DISMISSED without leave to amend. Defendant's Motion for Judgment and Sanctions, ECF No. 45, is GRANTED in part: Plaintiff shall obtain leave of the Court before filing in this District. All Plaintiff's other motions are DENIED as moot.

IT IS SO ORDERED.

Dated this 18th day of December 2024.

       /s/Ann Aiken

Ann Aiken
United States District Judge